IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONIQUE PEÑA, Individually and
As Personal Representative of the Wrongful
Death Estate of Matthew Peña, Deceased,

      Plaintiff,

v.                                                                             No. 1:22-cv-00516-MIS-KK

BOARD OF COUNTY COMMISSIONERS FOR
THE COUNTY OF CIBOLA, CORECIVIC, and
WARDEN LUIS ROSA, JR., MIKIELE MONANTO,
JORDAN CASAMERO, BENNI MARIA, JR., LAVERA JAMES,
ALONZO ROMERO, JENS REUHRUP, RUBIN
SAAVEDRA,

      Defendants.

**JENS REUHRUP'S ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT FOR NEGLIGENCE, CIVIL RIGHTS
VIOLATIONS, NEGLIGENT HIRING, TRAINING, SUPERVISION
<u>AND RETENTION, SPOLIATION, AND PUNITIVE DAMAGES</u>**

For his Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint for

Negligence, Civil Rights Violations, Negligent Hiring, Training, Supervision and Retention, and

Punitive Damages, Jens Reuhrup ("Defendant") states as follows:

**FIRST DEFENSE:  ANSWER TO ALLEGATIONS**

**Answer to Allegations Concerning Parties and Jurisdiction**

1.      Defendant is without sufficient information to admit or deny the allegations in

Paragraph 1, and, therefore, denies them.

2.      Defendant is without sufficient information to admit or deny the allegations in

Paragraph 2, and, therefore, denies them.

3.      Defendant is without sufficient information to admit or deny the allegations in

Paragraph 3, and, therefore, denies them.

4. Paragraph 4 sets forth a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations to the extent that the allegations are directed at him, and he is without sufficient information to admit or deny the remaining allegations, and, therefore, denies them.

5. The allegations in Paragraph 5 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

6. The allegations in Paragraph 6 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

7. The allegations in Paragraph 7 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

8. The allegations in Paragraph 8 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

9. The allegations in Paragraph 9 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

10. The allegations in Paragraph 10 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

11.     The allegations in Paragraph 11 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

12.     The allegations in Paragraph 12 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

13.     The allegations in Paragraph 13 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

14.     The allegations in Paragraph 14 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

15.     The allegations in Paragraph 15 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

16.     The allegations in Paragraph 16 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

17.     The allegations in Paragraph 17 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

18.     The allegations in Paragraph 18 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

19.     The allegations in Paragraph 19 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

20.     The allegations in Paragraph 20 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

21.     The allegations in Paragraph 21 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

22.     In response to the allegations in Paragraph 22, Defendant admits that he is a resident of Iosco County, Michigan. Defendant denies that he was employed by CoreCivic. The remaining allegations set forth a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies them.

23.     The allegations in Paragraph 23 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

24.     Paragraph 24 sets forth a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

25.     Paragraph 25 sets forth a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

**Answer to Jurisdiction and Venue Allegations**

26.     Paragraph 26 sets forth a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant does not dispute that this court has jurisdiction.

27.     Paragraph 27 sets forth a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant does not dispute venue.

**Answer to Factual Background Allegations**

28.     Paragraph 28 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

29.     Paragraph 29 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

30.     Paragraph 30 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

31.     Paragraph 31 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

32.     Paragraph 32 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

33.     Paragraph 33 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

34.     The allegations in Paragraph 34 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

35.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 35 and thus denies them. Defendant specifically denies all implied negligence.

36.     Defendant is without sufficient information to admit or deny the allegations in Paragraph 36 and thus denies them, including all subparts.

37.     Paragraph 37 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

38.     Paragraph 38 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

39.     Paragraph 39 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

40.     Paragraph 40 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

41.     Paragraph 41 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

42.     Paragraph 42 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

43.     Paragraph 43 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

**Answer to Allegations Common to All Counts**

44.     The allegations in Paragraph 44 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

45.     The allegations in Paragraph 45 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

46.     Paragraph 46 sets forth a legal conclusion to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations to the extent that the allegations are directed at him, and he is without sufficient information to admit or deny the remaining allegations, and, therefore, denies them.

47.     Defendant denies the allegations in Paragraph 47.

48.     Paragraph 48 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

49.     The allegations in Paragraph 49 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

50.     The allegations in Paragraph 50 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

51.     The allegations in Paragraph 51 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

52.     The allegations in Paragraph 52 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

53.     The allegations in Paragraph 53 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

54.     The allegations in Paragraph 54 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

55.     The allegations in Paragraph 55 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

56.     The allegations in Paragraph 56 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

57.     The allegations in Paragraph 57 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

58.     The allegations in Paragraph 58 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

59.     The allegations in Paragraph 59 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

60.     The allegations in Paragraph 60 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

61.     The allegations in Paragraph 61 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

62.     Paragraph 62 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

63.     The allegations in Paragraph 63 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

64.     The allegations in Paragraph 64 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

9

65. The allegations in Paragraph 65 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

66. The allegations in Paragraph 66 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

67. Paragraph 67 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

68. Paragraph 68 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

69. The allegations in Paragraph 69 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

70. Paragraph 70 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

71. Paragraph 71 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

72. Paragraph 72 sets forth facts that are not allegations against Defendant, thus no response is necessary. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations and thus denies them.

73. The allegations in Paragraph 73 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

74. Paragraph 74 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant admits that his legal duty is set forth by New Mexico law and denies all allegations inconsistent with New Mexico law.

75. Defendant denies the allegations in Paragraph 75. Defendant specifically denies all allegations of negligence.

76. Defendant is without sufficient information to admit or deny the allegations in Paragraph 76 and thus denies them. Defendant specifically denies all implied negligence.

77. The allegations in Paragraph 77 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

78. Defendant is without sufficient information to admit or deny the allegations in Paragraph 78 and thus denies them. Defendant specifically denies all implied negligence.

79. The allegations in Paragraph 79 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

80. The allegations in Paragraph 80 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

81. The allegations in Paragraph 81 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

82.     The allegations in Paragraph 82 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

83.     The allegations in Paragraph 83 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

84.     The allegations in Paragraph 84 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

85.     The allegations in Paragraph 85 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

86.     The allegations in Paragraph 86 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

87.     The allegations in Paragraph 87 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

88.     The allegations in Paragraph 88 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

89.     The allegations in Paragraph 89 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

90. The allegations in Paragraph 90 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

91. The allegations in Paragraph 91 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

92. The allegations in Paragraph 92 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

93. The allegations in Paragraph 93 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

94. The allegations in Paragraph 94 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

95. The allegations in Paragraph 95 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

96. The allegations in Paragraph 96 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

97. The allegations in Paragraph 97 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

98.     The allegations in Paragraph 98 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

99.     The allegations in Paragraph 99 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

100.    The allegations in Paragraph 100 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

101.    The allegations in Paragraph 101 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

102.    The allegations in Paragraph 102 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them, including all subparts.

103.    The allegations in Paragraph 103 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

104.    The allegations in Paragraph 104 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

105.    The allegations in Paragraph 105 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is

without sufficient information to admit or deny the allegations, and, therefore, denies them, including all subparts.

106.    The allegations in Paragraph 106 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

107.    The allegations in Paragraph 107 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

108.    The allegations in Paragraph 108 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

109.    The allegations in Paragraph 109 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

110.    The allegations in Paragraph 110 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

111.    The allegations in Paragraph 111 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them, including all subparts.

112.    The allegations in Paragraph 112 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them, including all subparts.

113.    The allegations in Paragraph 113 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

114.    The allegations in Paragraph 114 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

115.    The allegations in Paragraph 115 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

116.    The allegations in Paragraph 116 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

117.    The allegations in Paragraph 117 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

118.    The allegations in Paragraph 118 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

119.    The allegations in Paragraph 119 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

120.    The allegations in Paragraph 120 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

121.   The allegations in Paragraph 121 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

122.   The allegations in Paragraph 122 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

123.   The allegations in Paragraph 123 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

124.   The allegations in Paragraph 124 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

125.   The allegations in Paragraph 125 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

126.   Paragraph 126 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant admits that his legal duty is set forth by New Mexico law and denies all allegations inconsistent with New Mexico law.

127.   Defendant denies the allegations in Paragraph 127.

128.   The allegations in Paragraph 128 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

17

129. The allegations in Paragraph 129 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

130. Defendant denies the allegations in Paragraph 130.

131. Paragraph 131 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant admits that his legal duty is set forth by New Mexico law and denies all allegations inconsistent with New Mexico law.

132. Defendant denies the allegations in Paragraph 132.

133. Defendant denies the allegations in Paragraph 133.

134. Defendant denies the allegations in Paragraph 134.

135. The allegations in Paragraph 135 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

136. The allegations in Paragraph 136 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

**Answer to Allegations in Count I: §1983 Failure to Train
and Supervise Causing Violation of Constitutional Rights**

137. Defendant incorporates by reference all prior responses, as though fully set forth herein.

138. The allegations in Paragraph 138 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

139.	The allegations in Paragraph 139 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

140.	The allegations in Paragraph 140 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

141.	The allegations in Paragraph 141 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

142.	The allegations in Paragraph 142 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

143.	The allegations in Paragraph 143 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

144.	The allegations in Paragraph 144 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

145.	The allegations in Paragraph 145 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

146.	The allegations in Paragraph 146 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

147. Paragraph 147 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations to the extent that the allegations are directed at him, and he is without sufficient information to admit or deny the remaining allegations, and, therefore, denies them.

148. Defendant denies the allegations in Paragraph 148.

149. Defendant denies the allegations in Paragraph 149.

150. Defendant denies the allegations in Paragraph 150.

151. Defendant denies the allegations in Paragraph 151.

152. Defendant denies the allegations in Paragraph 152.

153. Defendant denies the allegations in Paragraph 153.

154. Defendant denies the allegations in Paragraph 154.

**Answer to Allegations in Count II: §1983 Fourteenth Amendment
Violation of Due Process**

155. Defendant incorporates by reference all prior responses, as though fully set forth herein.

156. Paragraph 156 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

157. Paragraph 157 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

158. Paragraph 158 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

159.    Paragraph 159 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

160.    The allegations in Paragraph 160 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

161.    The allegations in Paragraph 161 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

162.    Defendant denies the allegations in Paragraph 162.

163.    Defendant denies the allegations in Paragraph 163.

164.    Defendant denies the allegations in Paragraph 164.

165.    Defendant denies the allegations in Paragraph 165.

166.    Defendant denies the allegations in Paragraph 166.

167.    Defendant denies the allegations in Paragraph 167.

168.    Paragraph 168 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant admits that his legal duty is set forth by New Mexico law and denies all allegations inconsistent with New Mexico law.

169.    Defendant denies the allegations in Paragraph 169.

170.    Defendant denies the allegations in Paragraph 170.

171.    Defendant denies the allegations in Paragraph 171.

172.    Defendant denies the allegations in Paragraph 172.

173.    Defendant denies the allegations in Paragraph 173.

174. Paragraph 174 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

175. Paragraph 175 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

176. Defendant denies the allegations in Paragraph 176.

### Answer to Allegations in Count III: Negligence

177. Defendant incorporates by reference all prior responses, as though fully set forth herein.

178. Paragraph 178 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant admits that his legal duty is set forth by New Mexico law and denies all allegations inconsistent with New Mexico law.

179. Defendant denies the allegations in Paragraph 179.

180. Defendant denies the allegations in Paragraph 180.

181. Defendant denies the allegations in Paragraph 181.

182. The allegations in Paragraph 182 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

183. The allegations in Paragraph 183 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

184. Defendant denies the allegations in Paragraph 184.

185. Defendant denies the allegations in Paragraph 185.

186. Paragraph 186 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

187. Defendant denies the allegations in Paragraph 187.

**Answer to Allegations in Count IV: Negligent Hiring, Training and Supervision**

188. Defendant incorporates by reference all prior responses, as though fully set forth herein.

189. The allegations in Paragraph 189 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

190. Defendant denies the allegations in Paragraph 190, including all subparts.

191. Defendant denies the allegations in Paragraph 191.

192. Defendant denies the allegations in Paragraph 192.

193. Defendant denies the allegations in Paragraph 193.

**Answer to Allegations in Count V: Negligent Operation of a Building**

194. Defendant incorporates by reference all prior responses, as though fully set forth herein.

195. The allegations in Paragraph 195 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

196. Defendant denies the allegations in Paragraph 196.

197. Defendant denies the allegations in Paragraph 197.

198. Paragraph 198 sets forth legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

**Answer to Allegations in Count VI: Intentional Spoliation of Evidence**

199.    Defendant incorporates by reference all prior responses, as though fully set forth herein.

200.    The allegations in Paragraph 200 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

201.    The allegations in Paragraph 201 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

202.    The allegations in Paragraph 202 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

203.    The allegations in Paragraph 203 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

204.    The allegations in Paragraph 204 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

205.    The allegations in Paragraph 205 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

206.    The allegations in Paragraph 206 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

24

207. The allegations in Paragraph 207 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant is without sufficient information to admit or deny the allegations, and, therefore, denies them.

208. The allegations in Paragraph 208 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

209. The allegations in Paragraph 209 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

210. The allegations in Paragraph 210 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

211. The allegations in Paragraph 211 do not pertain to Defendant, thus no response from Defendant is required. To the extent that a response is deemed necessary, Defendant denies them.

212. Defendant incorporates by reference all prior responses, as though fully set forth herein.

213. Defendant denies the allegations in Paragraph 213.

214. Defendant denies the allegations in Paragraph 214.

215. Defendant denies that Plaintiff is entitled to the damages requested in Plaintiff's "Prayer for Relief" paragraph following Paragraph 214, including all subparts.

## SECOND DEFENSE: GENERAL DENIAL

All allegations in the Complaint not expressly admitted are denied.

### THIRD DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### FOURTH DEFENSE

The sole, proximate cause of the alleged injuries and damages complained of in the Complaint was the act or acts of a third party or parties for which Defendant is in no way responsible.

### FIFTH DEFENSE

The contributing negligence and/or fault of third parties, which negligence may have been the proximate, contributing cause of the alleged injuries and damages, should be apportioned, and any damages awarded against Defendant should be reduced by the percentages of fault found against third parties, and any award against Defendant should be limited to its own percentage of fault, if any, which fault is specifically denied.

### SIXTH DEFENSE

Any injuries or expenses sustained or incurred by Plaintiff were proximately caused in whole or in part by the conduct of, superseding or independent, intervening actions of, one or more persons or entities other than Defendant, including, without limitation, any conduct of Plaintiff, for whose conduct Defendant is not responsible.

### SEVENTH DEFENSE

Defendant used ordinary care in furnishing services for Plaintiff, and in exercising ordinary care, he possessed and applied the knowledge and used the skill and care that is ordinarily used by reasonably prudent providers, considering the conduct in question and considering the surrounding circumstances.

26

**EIGHTH DEFENSE**

Unless Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by proof of every element beyond a reasonable doubt, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the New Mexico Constitution, and would be improper under the common law and public policies of the State of New Mexico.

**NINTH DEFENSE**

Plaintiff's claim for punitive damages against Defendant cannot be maintained, because an award of punitive damages under current New Mexico law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the New Mexico Constitution, and the common law and public policies of the State of New Mexico.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages cannot be maintained, because any award of punitive damages under New Mexico law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive

27

damages, or determining the amount of an award of punitive damages, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with clarity the conduct or mental state that makes damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the New Mexico Constitution and would be improper under the common law and public policies of New Mexico.

## ELEVENTH DEFENSE

To the extent that New Mexico law permits punishment to be measured by the net worth or financial status of Defendant and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Defendant in other States, and allows dissimilar treatment of similarly-situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the New Mexico Constitution.

## TWELFTH DEFENSE

Plaintiff's damages, if any, should be reduced to the extent that Plaintiff had reasonable means to mitigate Plaintiff's damages and failed to do so.

28

## THIRTEENTH DEFENSE

If Plaintiff was injured and damaged as alleged, which is specifically denied, the injuries and damages resulted from an unavoidable medical complication for which Defendant may not be held responsible.

## FOURTEENTH DEFENSE

Defendant possessed and applied the knowledge and used the skill and care that was ordinarily used by reasonably-well-qualified providers of the same field practicing under similar circumstances and giving due consideration to the locality involved.

## FIFTEENTH DEFENSE

Defendant does not knowingly nor intentionally waive any applicable defenses.  Defendant reserves the right to assert additional defenses that it may discover in the course of the proceedings of this matter and to which they may be entitled under the law, including case law, statutes, and rules, of the jurisdictions whose law may be found to apply to the claims asserted.

## JURY DEMAND

Defendant Jens Reuhrup hereby requests that all issues be tried before a jury.

**THEREFORE,** Defendant respectfully requests that the Complaint against him be dismissed with prejudice, or, in the alternative, that he be awarded judgment in its favor with attorney's fees and costs.

Respectfully Submitted,

SAIZ, CHANEZ, SHERRELL + KAEMPER, P.C.

By:    */s/ Denise M. Chanez – Electronically Filed*
        Denise M. Chanez
        Patrick A. Coronel
        Angelica M. Lopez
        5600 Wyoming Blvd., NE, Suite 200
        Albuquerque, NM 87109
        T: (505) 340-3443
        dchanez@sclawnm.com

29

pcoronel@sclawnm.com
alopez@sclawnm.com
*Attorneys for Defendant Jens Reuhrup, RN*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Thursday, April 18, 2024, I filed the foregoing electronically, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

SAIZ, CHANEZ, SHERRELL + KAEMPER, P.C.

By:  */s/ Angelica M. Lopez – Electronically Signed*
         Angelica M. Lopez